948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Joseph PARRISH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-6002.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1991.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 James Joseph Parrish, a pro se federal prisoner, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On June 5, 1989, Parrish pleaded guilty to a two-count indictment. He was charged with mailing two letters in which he threatened to kill the United States President and Rita L. Ham. He was sentenced to serve sixty (60) months in prison. He filed a motion to reduce sentencing which was denied by the district court.
 
 
 3
 He then filed his § 2255 motion alleging that his attorney made "some threatening statement," "refused to let me get a pay attorney," and told Parrish he would be signing a plea agreement but he never did. The district court denied Parrish's § 2255 motion finding that his claim was meritless. Parrish has filed a timely appeal.
 
 
 4
 On appeal, Parrish continues to argue the merits of his claim. Both parties have filed briefs.
 
 
 5
 Upon review, we affirm the district court's judgment because Parrish has failed to allege specific enough facts to show that his counsel's performance was deficient and the deficient performance prejudiced his defense so as to render the proceedings unfair and result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In the guilty plea context, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial. See Hill v. Lockland, 474 U.S. 52, 59 (1985). None of Parrish's assertions shows that counsel's performance was deficient, much less that, but for counsel's performance, he would not have pleaded guilty.
 
 
 6
 Therefore, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.